## H. B. KIRK & CO. v. CUNNINGHAM & KEARNS CONTRACTING CO.

(Supreme Court, Appellate Term.　June 28, 1906.)

MUNICIPAL CORPORATIONS—DEFECTIVE WATER MAIN—LIABILITY OF CONTRACTOR.

Where, owing to improper calking of joints, a water main leaked when the water was turned on, one whose cellar was flooded was entitled to recover damage of the contractor who constructed the main.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1795.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by H. B. Kirk & Co. against the Cunningham & Kearns Contracting Company. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Paul M. Herzog (Daniel G. Griffin, of counsel), for appellant.
Kellogg & Rose (Franklin Nevius, of counsel), for respondent.

McCALL, J. Defendant, a firm of contractors, was engaged in laying a water main in West Twenty-Seventh street under a contract with the city of New York. When the water was turned on in this main by defendant's servants after its supposed completion, by reason of a leak in two joints the plaintiff's cellar was flooded, and certain property therein was damaged. These leaks were subsequently discovered to be due to improper calking or leading of the joints referred to.

The defendant attempted to avoid its liability by attempting to show that the work was done under the supervision and direction of a city inspector, and that, because this inspector prematurely ordered the trench closed, the city, and not the defendant, is liable. This position is untenable. The only question at issue was as to the value of a certain refrigerator and other property, concerning which the proofs of loss were somewhat inadequate. It seems clear, however, that the defendant's liability was sufficiently established and that plaintiff is entitled to some recovery, the amount to be determined upon satisfactory evidence in a new trial.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.